861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore TAWNEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-3941.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 28, 1988.
Decided: Oct. 24, 1988.
 
 James Harvey Coleman, for appellant.
 James Anthony Winn, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health and Human Services; Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theodore Tawney ("claimant") appeals from a decision of the United States magistrate affirming the Secretary's denial of his claim for social security disability insurance benefits, 42 U.S.C. Sec. 405(g), and supplemental security income benefits, 42 U.S.C. Sec. 1383(c)(3).[1] We vacate the judgment of the district court and remand the case with instructions to return it to the Secretary for further proceedings.
 
 
 2
 The evidence shows that claimant suffers from a variety of physical infirmities including severe atherosclerotic heart disease, duodenal ulcers, labyrinthine hydrops, and left Meniere's disease. In addition, there is evidence in the record that claimant suffers from an emotional condition that affects his ability to work. In a letter dated November 19, 1986, Dr. F. Joseph Whelan, a psychiatrist, stated that claimant has an adjustment disorder with severe depressed features. Dr. Whelan attributed claimant's depression to his physical illnesses and cardiac fears and concluded that claimant is permanently and totally disabled as a result of the combination of his physical problems and limitations and his emotional depression.
 
 
 3
 The administrative law judge ("ALJ") found that the claimant's physical impairments prohibited him from returning to his former employment as a truck driver but did not meet or equal a medical impairment listing. He also determined that the claimant retained the residual functional capacity to perform light work. Then, despite Dr. Whelan's report, the ALJ found that claimant had no psychiatric limitations and that the claimant's capacity for light work was not compromised by his additional nonexertional limitations. On this basis, the ALJ applied the "grid regulations," Appendix 2, Table No. 2, to 20 C.F.R. Part 404, Supt. P, and concluded that claimant was not disabled.[2]
 
 
 4
 On appeal, claimant contends that the ALJ erred in applying the grids in view of Dr. Whelan's report. We agree. Each grid table considers only the strength or exertional component of a claimant's disability in determining whether jobs exist that the claimant is able to perform in spite of his disability. For that reason, when a claimant suffers from both exertional and nonexertional limitations, the grid tables are not conclusive but may only serve as guidelines. Wilson v. Heckler, 743 F.2d 218 (4th Cir.1984).
 
 
 5
 We recognize that not every nonexertional malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids. Grant v. Schweiker, 699 F.2d 189 (4th Cir.1983). The proper inquiry under Grant is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable. This Court has held that whether a given nonexertional condition affects a particular claimant's residual functional capacity to perform a certain range of jobs is a question of fact. Smith v. Schweiker, 719 F.2d 723 (4th Cir.1984). We conclude that there was not substantial evidence in this case to support the ALJ's finding that Mr. Tawney's capacity to perform light work was not compromised by his emotional depression.
 
 
 6
 Dr. Whelan's report is the only psychiatric evidence of record and that report, in and of itself, was sufficient to establish at least a prima facie case that the claimant suffers from a nonexertional impairment. No available evidence refutes Dr. Whelan's conclusion that claimant suffers from emotional depression. The ALJ stated that the claimant's "capacity for the full range of light work has not been significantly compromised by his additional nonexertional limitations." In light of Dr. Whelan's uncontested report, however, this statement cannot stand.
 
 
 7
 We are convinced that the ALJ failed to give proper consideration to Dr. Whelan's report. This omission requires that this case be remanded for the taking of further evidence on the extent, if any, of the effect of claimant's depression on his ability to perform light work. If claimant demonstrates that he has an actual nonexertional impairment, the Secretary, in order to sustain the denial of benefits, must prove by expert vocational testimony, that claimant retains the ability to perform specific jobs that exist in the national economy.
 
 
 8
 We vacate the judgment of the district court and remand the case to it with instructions to remand it to the Secretary for further proceedings.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 This case was referred by the district court to the magistrate for disposition upon consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). We have jurisdiction under 28 U.S.C. Sec. 636(c)(3), which authorizes a direct appeal to this Court
 
 
 [2]
 The ALJ found that the claimant's age, education, work experience, and capacity to perform light work put him within Rules 202.14 and 202.15 which directed a finding of "not disabled."